UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

IN RE:                                                          Case No. 16-16204-RBR

ON THE OCEAN, INC.,                                             Chapter 11

      Debtor.

_____/

**THE TALERICO FAMILY LIMITED PARTNERSHIP'S AND TFA MANOR, LLC'S EMERGENCY MOTION TO DISMISS BANKRUPTCY CASE AS BAD FAITH FILING AND/OR MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW STATE COURT TO ISSUE AND EXECUTE CREDITORS' WRIT OF POSSESSION**

**(EMERGENCY HEARING REQUESTED on May 10, 2016 at 10:00 a.m.)[1]**

An emergency hearing on the relief requested is warranted as absent same Former Landlords may be subjected to irreparable harm arising from the Debtor's continued unlawful possession of Former Landlords' Real Property. The Debtor has concealed from this Court the Debtor's unlawful possession of Former Landlords' real property and has failed to disclose the pending suit for re-possession pending in Broward County Circuit Court on the Debtor's Statement of Financial Affairs. Furthermore, the Debtor's Schedules and Statement of Financial Affairs disclose that the Debtor: (i) has no revenue; (ii) has no cash on hand; and (iii) has no assets that can be used for reorganization. Finally, the Debtor's recent filings with the Court expressly contradict the Debtor's sworn Schedules and Statement of Financial Affairs further necessitating an expedited hearing on the relief requested.

The Talerico Family Limited Partnership ("**TFLP**") and TFA Manor, LLC ("**TFA**") (collectively hereinafter, "**Former Landlords**"), creditors and parties-in-interest herein, through their undersigned counsel, in accordance with Sections 105, 362, and 1112 of the Bankruptcy Code, move the Court for the entry of an Order: (i) dismissing the bankruptcy case as a bad faith filing; or alternatively (ii) granting relief from the automatic stay to allow the State Court (defined further herein) to enter all in rem relief sought by Former Landlords in the State Court

---

[1] The Court has scheduled hearings on various motions filed by the Debtor on its May 10th calendar. Undersigned counsel asserts that judicial economy will be served by setting the instant Motion on the same calendar.

{38188967;1}

Action (defined further herein) (the "**Motion**").   In support of its Motion, Former Landlords further state as follows:

## I.    <u>PRELIMINARY STATEMENT</u>

This case was filed in bad faith as a litigation tactic to obstruct Former Landlords' now nearly one year effort to recover possession of certain real property located in Broward County which is unlawfully possessed by the Debtor.  As detailed below, any interest by the Debtor in the real property in possession of the Debtor was extinguished prior to the commencement of this case due to the Debtor's failure to timely deposit rent in the registry of the State Court, in violation of Section 83.232, Florida Statutes, and prior order of the State Court.  Despite the Debtor's incurable defaults, the Debtor remains in unlawful possession of the real property.  The Debtor filed the instant case in bad faith after the State Court entered a default final judgment for possession of the subject real property in compliance with an Order of the Fourth District Court of Appeal, and just prior to issuance of a writ of possession by the Clerk of the State Court.  A cursory review of the Debtor's Schedules and Statement of Financial Affairs makes clear that this is a bad faith filing because, *inter alia*: (i) the Debtor has *de minimus* non-insider debt; (ii) has no existing or prior revenue; (iii) has no material assets for which it can propose to reorganize; and (iv) the timing of the commencement of the case indicates the bankruptcy was filed solely to delay the repossession of the real property.   Accordingly, sufficient cause exists to either immediately dismiss the Debtor's bankruptcy case or grant Former Landlords immediate stay relief to obtain in rem relief in the pending State Court Action.

{38188967;1}

- 2 -

**A**KERMAN **LLP, L**AS **O**LAS **C**ENTRE **II, S**UITE **1600, 350 E**AST **L**AS **O**LAS **B**OULEVARD**, F**ORT **L**AUDERDALE**, FL  33301-2999**

## II.    <u>BACKGROUND</u>

**A)    The Real Property**

1.      The Debtor is currently in unlawful possession of certain real property located at 4040 Galt Ocean Drive, Unit L-3, Unit L-13B, Unit L-15, Fort Lauderdale, Florida 33308 (collectively, the "**Real Property**").

2.      The Debtor initially obtained possession of the Real Property pursuant to a written lease agreement and/or month-to-month "tenancies at will" that expired or were otherwise terminated prior to the commencement of this bankruptcy case.

3.      The Debtor has unlawfully retained possession of the Real Property.

**B)    The State Court Action**

4.      On July 21, 2015, Former Landlords filed a complaint in County Court of Broward County to, **inter alia**, recover possession of the Real Property (the "**Complaint**").[2]

5.      On August 12, 2015, after initially answering the Complaint and asserting various spurious affirmative defenses and counterclaims, the Debtor filed a Motion to Transfer the Complaint to the Circuit Court of Broward County, which was granted on August 28, 2015.[3] The action remains pending styled as *Talerico Family Limited Partnership and TFA Manor, LLC v. On The Ocean, Inc.*, Case No. CACE 15-015674, pending in the 17th Judicial Circuit in and for Broward County, Florida (the "**State Court Action**"), presided by Judge Dale Ross (the "**State Court**").

6.      On October 22, 2015, *at the request of the Debtor* and pursuant to Section 83.232, Florida Statutes, the State Court entered an Order requiring the Debtor to deposit $13,200.00 of

---

[2] A true and correct copy of the Complaint is attached hereto as **Exhibit "A."**
[3] A true and correct copy of the Order granting Debtor's Motion to Transfer to Circuit Court is attached hereto as **Exhibit "B."**
{38188967;1}

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

accrued rent into the registry of the State Court by October 23, 2015, and $2,200.00 per month on the 1st of every month thereafter during the pendency of the State Court Action (the "**Order Requiring Escrow of Rent**").[4]

7.    The Debtor failed to timely deposit the $2,200.00 rent payment that was due on or before March 1, 2016, as required pursuant to the State Court's Order Requiring Escrow of Rent and Section 83.232, Florida Statutes.

8.    Accordingly, on March 3, 2016, Former Landlords filed an Ex-Parte Motion for Default Final Judgment for Possession with the State Court,[5] and the following day, on March 4, 2016, filed a Petition for Writ of Mandamus with the Fourth District Court of Appeal.[6]

9.    On March 30, 2016, the Fourth District Court of Appeal entered an Order granting the Mandamus Petition.[7]

10.    On March 31, 2016, the Debtor moved for emergency relief from judgment (which had not yet even been entered) and for entry of a judgment on the pleadings with the State Court, which the State Court declined to grant at an emergency status conference that was convened by the State Court on April 4, 2016.

11.    On April 14, 2016, the Debtor filed a Motion for Rehearing with the Fourth District Court of Appeal, which was denied by Order dated April 27, 2016.[8]

12.    On April 28, 2016, the Fourth District Court of Appeal entered an Order that the formal issuance of a writ of mandamus would be withheld, trusting the State Court would enter a

---

[4] A true and correct copy of the Order Requiring Escrow of Rent is attached hereto as **Exhibit "C."**
[5] A true and correct copy of the Ex-Parte Motion for Default Final Judgment for Possession is attached hereto as **Exhibit "D."**
[6] A true and correct copy of the Petition for Writ of Mandamus is attached hereto as **Exhibit "E."**
[7] A true and correct copy of the Order Granting Mandamus Petition is attached hereto as **Exhibit F."**
[8] A true and correct copy of the Order Denying Motion for Rehearing is attached hereto as **Exhibit "G."**
{38188967;1}

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

judgment of possession in favor of Former Landlords as directed.[9]   That same day, and presumably before the late-night bankruptcy filing at 8:19 p.m., the State Court entered a Default Final Judgment for Possession of the Real Property in favor of Former Landlords, as directed by the Fourth District Court of Appeal.[10]

**C)      The Bankruptcy Case**

13.      At 8:19 p.m. on April 28, 2016 (the "**Petition Date**"), the Debtor filed its petition for relief under chapter 11 of title 11 commencing the instant case.  Approximately an hour after the filing of the Petition, the Debtor filed a Suggestion of Bankruptcy in the State Court Action in an effort to stay the entry of any further rulings by the State Court.[11]

14.      As part of its filings the Debtor scheduled total undisputed, non-contingent, and liquidated debt to non-insiders aggregating $950.00.  *See* ECF No. 1 at p. 7-8.

15.      The Debtor disclosed that it does not have any unexpired leases or executory contracts in its Schedule "G."  *See* ECF No. 1 at p. 16.

16.      The Debtor disclosed that it neither owns nor leases any real property on Schedule "A/B."  See ECF No. 1 at p. 10.

17.      Furthermore, the Debtor disclosed that it has no assets, and specifically disclosed that it has no: (i) cash, (ii) deposits, (iii) accounts receivable, or (iv) causes of action against any third party.  *See generally*, ECF No. 1.

18.      Finally, the Debtor reported no gross revenues in its statement of financial affairs and concealed the existence of the pending State Court Action in failing to disclose same in response to Question 7 of the Statement of Financial Affairs.  *See* ECF No. 1 at p. 18-19.

---

[9] A true and correct copy of the Order withholding the writ of mandamus is attached hereto as **Exhibit "H."**
[10] A true and correct copy of the Default Final Judgment for Possession is attached hereto as **Exhibit "I."**
[11] A true and correct copy of the Suggestion of Bankruptcy is attached hereto as **Exhibit "J."**
{38188967;1}

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL  33301-2999

19.     Since the Petition Date, the Debtor has remained in possession of its assets and in control of its business operations as a debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.  No trustee, committee, or examiner has been appointed to date.

20.     The Debtor filed a Case Management Summary with the Court that is littered with inaccuracies and expressly contradicts the Debtor's other sworn filings with the Court.   For example, the Case Management Summary states that the Debtor has no employees, yet the Debtor filed a Motion seeking authority to pay pre-petition wages to ten employees.  See ECF Nos. 8, 9.  The Debtor scheduled no assets and detailed no revenues in its Schedules and Statement of Financial Affairs, yet discloses revenues and three separate business operations in its Case Management Summary.  See ECF Nos 1, 9.   Finally, the Case Management Summary makes clear that the Debtor commenced this case solely to frustrate Former Landlords efforts to obtain possession of the Real Property and re-litigate issues already raised and adjudicated by the State Court in the State Court Action.  *See* ECF No. 9 at Ex. A.

### III.     RELIEF REQUESTED

21.     By this Motion, Former Landlords request that the Court enter an Order (i) dismissing the Bankruptcy Case as a bad faith filing, or alternatively (ii) granting relief from the automatic stay to allow the State Court to enter any *in rem* relief in favor of Former Landlords it deems just and proper, including, but not limited to, authorizing the Clerk of the State Court to issue a writ of possession and authorizing the Broward County Sheriff to execute same; and (iii) granting such other and further relief as the Court deems just and proper.

### IV.     ARGUMENT

A.     **Standard for Dismissal of Chapter 11 Bankruptcy Case**

22.     11 U.S.C. § 1112(b)(1) provides in pertinent part as follows:

{38188967;1}

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL  33301-2999

"…[O]n request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall covert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause."

23.    Chapter 11 bankruptcy cases "are subject to dismissal for 'cause' under 11 U.S.C. § 1112(b) if the petition was not filed in good faith."  *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir. 1988).

24.    In determining whether there is a lack of good faith, "the court may consider any factors which evidence 'an intent to abuse the judicial process and the purposes of the reorganization provisions', or in particular, factors which evidence that the petition was filed 'to delay or frustrate the legitimate efforts of secured creditors to enforce their rights.'"  *Piccadilly*, 849 F.2d at 1394 (*quoting In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984)).

25.    The pertinent factors for determining whether a Chapter 11 Petition has been filed in bad faith, commonly referred to as the *Phoenix Piccadilly Factors,* include:

(1) the debtor has only one asset, the property; (2) the debtor has few unsecured creditors whose claims are relatively small compared to the claims of the secured creditor; (3) the debtor has few employees; (4) the property is subject to a foreclosure action as a result of arrearages on the debt; (5) the debtor's financial problems essentially are a dispute between the debtor and the secured creditors which can be resolved in the pending state court action; and (6) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights. *In re State Street Houses, Inc.*, 356 F.3d 1345, 1346 (11th Cir. 2004) *citing In re Phoenix Piccadilly*, Ltd., 894 F.2d at 1394.

26.    A creditor need not wait until the debtor proposes a plan or until expiration of the exclusivity period to move for dismissal. *In re Natural Land Corp.*, 825 F.2d 296, 297 (11th Cir. 1987).

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

27.     The overriding principal, however, in determining whether a bankruptcy case has been filed in bad faith is "an intent to abuse the judicial process and the purposes of the reorganization process." *Natural Land*, 825 F.2d at 298; *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984); *see also In re Star Trust*, 237 B.R. 827, 834 n. 3 (Bankr.M.D.Fla. 1999) ("[T]he real test that still remains is the presence of honest intention of the debtor and some real need and real ability to effectuate the aim of the reorganization…"(citations omitted)); *In re Springes Plaza Associates, L.P.*, 188 B.R. 48, 49 (Bankr.M.D.Fla. 1995)("In the last analysis, the key considerations are (1) the debtor's motivation to file the petition; (2) the economic vitality of the debtor; (3) debtor's real need to reorganize; and (4) the ability of the debtor to achieve reorganization."); *In re Campus Housing Developers, Inc.*, 124 B.R. 867 (Bankr. N.D. Fla. 1991) (J. Killian) (dismissing single asset real estate as bad faith filing where case satisfied all Phoenix Picadilly factors); *In re Panache Development Company, Inc.*, 123 B.R. 929 (Bankr. S.D. Fla. 1991) (noting that bankruptcy court is not intended to provide debtors with an alternate forum for private disputes) (J. Weaver).

**B.     This Chapter 11 Bankruptcy Case Represents A Bad Faith Filing And Should Be Dismissed With Prejudice.**

28.     Here, all of the *Phoenix Picadilly* factors have been met.  Upon information and belief, the Real Property is the Debtor's only asset.  The Debtor has few other creditors, with such creditors holding debts that are minor in comparison to Former Landlords claims.[12]  The Debtor's financial problems are primarily limited to the disputes raised by Former Landlords in the State Court Action.

---

[12] Debtor's List of Twenty Largest Unsecured Creditors include only three non-insider creditors with combined debt in the amount of $950.00.  *See* ECF No. 1.  By comparison, Former Landlords are owed in excess of $30,000 on account of their existing claims.

{38188967;1}

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

29.     Finally, the Debtor's filing of the petition on the eve of the issuance of a Writ of Possession evidences an intent to delay and frustrate the legitimate efforts of Former Landlords to enforce their *in rem* rights in the Real Property.  Absent the bad faith filing of the instant case, Former Landlords would have obtained a writ of possession pursuant to the State Court's Default Final Judgment requiring same, entered at the express direction of the Fourth District Court of Appeal.

30.     This case should be dismissed as a bad faith filing because (1) the case is a two-party dispute, (2) the Debtor is impermissibly attempting an improper collateral attack on the Default Judgment, and (3) the Debtor filed false and misleading schedules and statement of financial affairs under penalty of perjury.

31.     "Bad faith" alone is sufficient to warrant dismissal of a chapter 11 case.  See, e.g., In re Phoenix Piccadilly, Ltd., 849 F.2d 1393-94 (11th Cir. 1988).  Where, as here, a bankruptcy case is predicated solely on a two-party dispute for which relief is available in a non-bankruptcy forum, courts almost universally hold the case should be dismissed.  Indeed, filing a Chapter 11 petition merely to obtain tactical litigation advantages is not within the legitimate scope of the bankruptcy laws.  *In re SGL Carbon*, 200 F.3d 154, 164-165 (3d Cir. 1999).

32.     The Debtor's Case Management Summary makes clear that the sole reason the Debtor commenced this bankruptcy case is to thwart the pending litigation by Former Landlords and the Debtor's business partner currently pending in State Court.  *See* ECF No. 9 at Ex. "A."  Thus, substantial cause exists for dismissal of this case as a "bad faith" filing.

## C.     Alternatively, Sufficient Cause Exists to Lift the Stay to Allow the State Court to Adjudicate Former Landlords' Writ of Possession.

33.     Section 362(d)(1) of the Bankruptcy Code provides that "[o]n request of a party in interest, and after notice and a hearing, the court shall grant relief from the stay provided under

{38188967;1}

subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay  - (1) for cause . . ."  11 U.S.C. § 362(d)(1).  "Cause" is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay.  *See In re SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2006); *I.R.S. v. Robinson (In re Robinson)*, 169 B.R. 356, 359 (E.D. Va. 1994); *In re Cummings*, 221 B.R. 814, 818 (Bankr. N.D. Ala. 1998); *Smith v. Tricare Rehabilitation Systems, Inc. (In re Tricare Rehabilitation Systems, Inc.)*, 181 B.R. 569, 572-74 (Bankr. N.D. Ala. 1994) (extensive analysis of whether "cause" exists for granting relief from the stay).

34.    The decision whether to grant relief from the automatic stay to allow litigation to continue in another forum is within the sound discretion of the bankruptcy court.  *See In re Dixie Broad., Inc.,* 871 F.2d 1023, 1026 (11th Cir. 1989); *In re Murray Indus., Inc.*, 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990) (citing *In re Castle Rock Props.*, 78 F.2d 159 (9th Cir. 1986)).  "In determining whether to lift the automatic stay, the courts have generally considered the prejudice to the debtor's reorganization efforts, conservation of judicial resources, and prejudice to the movant." *Murray Indus.*, 121 B.R. at 636-37 (citations omitted).

35.    Furthermore, the legislative history to section 362(d) provides:

[I]t will often be more appropriate to permit proceedings to continue in their place of origin when no great prejudice to the bankruptcy estate would result in order to lead the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 341 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), *reprinted in* 1978 U.S. Code Cong. & Ad. News 5787, 5836, 6297; *In re Humphrey's Pest Control Co., Inc.*, 35 B.R. 712, 714 (E.D. Pa. 1984); *see also In re Santa Clara County Fair Assoc., Inc.*, 180 B.R. 564, 566 (9th Cir. 1995).

{38188967;1}

36.     The bankruptcy courts in the 11th Circuit have held that they have discretion to lift the automatic stay for "cause" to allow a pending action to continue against the debtor where the balancing of the equities involving (a) prejudice to the debtor's reorganization efforts, (b) conservation of judicial resources and (c) prejudice to the movant tilt toward such a result. *See In re Murray Indus.*, 121 B.R. at 637.

### 1.     The Debtor Will Not be Prejudiced by Lifting the Automatic Stay

37.     The Debtor does not need to avail itself of the benefits provided by the automatic stay and would suffer no great prejudice if the stay were lifted to allow the State Court Action to move forward solely for the purpose of issuing and executing a writ of possession to put the Former Landlords in possession of the Real Property.

38.     Here, the Debtor has not scheduled: (i) any interests in the Real Property, (ii) the pendency of the State Court Action, or (iii) any assets that the Debtor can use to reorganize. Thus, it is axiomatic that the bankruptcy estate certainly will suffer no prejudice if relief from the stay is granted. *See In re Highcrest Management Co., Inc.*, 30 B.R. 776, 778 (Bankr. S.D. N.Y. 1983) (the automatic stay should not be used as a shield to protect conduct which can be fully and finally adjudicated in a case pending in the district court).

39.     Furthermore, the Debtor has had substantial due process on the pending issues, having raised substantive arguments in opposition to the Petition for Writ of Mandamus before the Fourth District Court of Appeal and the State Court.  Thus, any re-litigation of the issues briefed in the State Court and the Fourth District would serve as no more than a transparent attempt for the Debtor to shop for a more favorable forum.

### 2.     Lifting of Stay will Conserve Judicial Resources

40.     Lifting the stay will also conserve judicial resources by allowing the Clerk of the

{38188967;1}

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

State Court to issue the writ of possession, thereby preventing any further unnecessary briefing by the parties.  Moreover, the State Court is more familiar with this matter and the legal issues involving landlord/tenant disputes, and is therefore best positioned to adjudicate any remaining issues related to Former Landlords' *in rem* claims expeditiously.  Specifically, the State Court has presided over several hearings in the State Court Action and has had the opportunity to hear and evaluate the arguments previously presented and briefed by both parties as it relates to the relief sought.  If the automatic stay were not lifted, it may require duplicative briefing by the parties of the issues previously briefed and ruled upon by the State Court and the Fourth District Court of Appeal in the State Court Action.  In addition to being a complete waste of valuable judicial time and resources, such duplicative effort would force Former Landlords, the victims of Debtor's unlawful possession of the Real Property, to incur substantial additional costs that would be wholly unnecessary if the stay were lifted and the State Court allowed to rule.

41.    Further, the Default Motion granted by the State Court in the State Court Action is a non-core, state law cause of action involving the re-possession of the Real Property which is arguably better decided by a state court which routinely handles these types of claims, rather than a bankruptcy judge.  *See, e.g., Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345-46 (4th Cir. 1992) (holding that relief from stay may be granted to permit litigation to go forward in a non-bankruptcy forum where (1) only issues of state law involved, (2) judicial economy will be promoted, (3) the litigation will not interfere with the bankruptcy case, and (4) the estate can be protected by requiring that any judgment obtained be enforced only through the bankruptcy court).

42.    In *Humphrey's, supra*, the plaintiff filed suit against the debtor in the United States District Court for the Eastern District of Pennsylvania asserting securities law violations,

{38188967;1}

RICO violations and common law fraud claims. *In re Humphrey's*, 35 B.R. at 712.  Subsequent thereto, the debtor filed a petition for bankruptcy under Chapter 11, thereby automatically staying the district court action in accordance with Section 362(a)(1). *Id*.  The plaintiff thereafter moved for relief from the stay for "cause" under Section 362(d)(l) in order to proceed against the debtor on the claims advanced in the district court. *Id.* at 712-13.  In support of its motion, the plaintiff argued that, due to the complexity of the issues to be litigated, the similarity of the claims against all respondents, the need to prevent inconsistent results, and the need to have an expeditious resolution of the claims, it would be "in the interest of judicial economy" to determine the liability of all parties in one forum.  *Id.* at 713.  Calling upon the legislative history recited above, the *Humphrey's* Court found that "cause" existed to lift the stay and allow the non-bankruptcy action to proceed in the interest of judicial economy. *Id.* at 714.

43.     Similarly, in *In re Santa Clara, supra,* the plaintiff moved for relief from the automatic stay to pursue a judgment on her previously filed Title VII claim in the United States District Court for the Northern District of California. 180 B.R. at 565. Likewise relying on the legislative intent of Congress, the bankruptcy court concluded that judicial economy would be better served by allowing the action to proceed in the district court. *Id*. at 566*.*  The court reasoned that, the plaintiff "could be prejudiced by delay in the manner that all plaintiffs are prejudiced by failing memories and the like" and that debtor "would not be greatly prejudiced by granting [plaintiff] relief since it would have to defend itself in either forum." *Id*.

44.     Thus, as in *In re Humphrey's*, *In re Santa Clara* and *In re Murray Indus.*, the stay should be lifted in the interest of judicial economy and fairness to litigants to allow Former Landlords to pursue their *in rem* claims against the Debtor in the State  Court Action.

{38188967;1}

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

3.    **Former Landlords Will Suffer Severe Prejudice if the Automatic Stay is Not Lifted.**

45.    On the other hand, Former Landlords will be severely prejudiced if the automatic stay is not lifted.  Absent relief, the State Court's ability to enforce the ruling mandated by the Fourth District would be substantially delayed.  The time and resources necessary to unnecessarily re-litigate Former Landlords' *in rem* rights in this Court would be substantial and wholly unnecessary in view of the significant resources already expanded by Former Landlords in obtaining a ruling from the Fourth District and the State Court.

4.    **Policy Concerns Mandate Lifting the Automatic Stay**

46.    Policy concerns also mandate modification of the automatic stay in this case.  In enacting the Bankruptcy Code, Congress noted that while the automatic stay had broad application, "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties in their chose forum and to relieve the bankruptcy court from many of the duties that may be handled elsewhere."  *In re Holdkamp*, 669 F.2d at 508 (citing S. Rep. No. 989, 95th Cong., 2d Sess. 50 *reprinted in* 1978 U.S.C.C.A.N. 5787, 5836); *In re Tribune Co.*, 418 B.R. 116, 127-29 (Bankr. D. Del. 2009) (lifting stay to allow litigation to proceed in California court where suit was commenced).  Here, where it would increase efficiency to have the claims against the Debtor heard in the State Court where those claims were originally brought and where no prejudice to the bankruptcy estate would result from lifting the automatic stay to allow the Clerk of the State Court to issue the writ of possession, public policy dictates that the Court lift the automatic stay.

5.    **Issuance of Writ of Possession is a Ministerial Act Exempted from Stay**

47.    Various circuits have applied the "ministerial act" exception to the automatic stay

{38188967;1}

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

provisions of the bankruptcy code. *See, e.g., Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969, 973-74 (1st Cir.1997) (noting that ministerial acts, even if undertaken in a state judicial proceeding subsequent to a bankruptcy filing, do not fall within the proscription to the automatic stay) (emphasis added); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2nd Cir.1994) (holding that act of entry of judgment by court clerk was a ministerial act and did not violate stay); *In re Pettit*, 217 F.3d 1072, 1080 (9th Cir. 2000)("[Ministerial act] exception stems from the common-sense principle that a judicial "proceeding" within the meaning of section 362(a) ends once a decision on the merits has been rendered.  Ministerial acts or automatic occurrences that entail no deliberation, discretion, or judicial involvement do not constitute continuations of such a proceeding."); *see also In re Peralta Food Corp.*, Case No. 07-16508-BKC-AJC (Bankr. S.D. Fla. Jan. 18, 2008) (J. Cristol) (holding that District Court's entry of its ruling on issues fully briefed by the debtor and creditor prior to commencement of bankruptcy case constituted a ministerial act exempted from the automatic stay).

48.     A ministerial act is one that is essentially clerical in nature. *See* BLACK'S LAW DICTIONARY 996 (6th ed. 1990). Thus, when an official's duty is delineated by a rule or law with such clarity that nothing is left to the exercise of the official's discretion or judgment, the resultant act is ministerial. *See United States ex rel. McLennan v. Wilbur*, 283 U.S. 414, 420 (1931) (indicating that a duty is ministerial if "the obligation to act [is] peremptory, and plainly defined").

49.     Here, the issuance of the writ of possession by the Clerk of the State Court is clearly peremptory and clearly defined by the mandates of the State Court's Default Judgment. In view of the fact that the Clerk lacks the discretion to avoid issuing the writ of possession, it is axiomatic that the issuance of same is a ministerial act exempt from the automatic stay.

{38188967;1}

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

50.    For all of the foregoing reasons, this Court should lift the automatic stay to allow Former Landlords to obtain and execute the writ of possession granted by the State Court in the State Court Action, in accordance with the directive of the Fourth District.

51.    **Importantly, Former Landlords recognize and agree that should this Court grant the relief from stay sought in this Motion, Former Landlords will only pursue their claims based on the above limitations and will not seek or attempt in any way to enforce any monetary relief against the Debtor, or against the property of the Debtor or the Estate, unless this case is dismissed or until further order of this Court.**

## REQUEST FOR WAIVER OF BANKRUPTCY RULE 4001(a)(3)

52.    Former Landlords request that Bankruptcy Rule 4001(a)(3) be waived and the relief from stay requested in the Motion be granted immediately.

## MOVANTS' CERTIFICATION PURSUANT TO 9075-1(B)

53.    Undersigned counsel certifies that he will make every effort to contact Debtor's counsel prior to a hearing on this Motion in order to make a bona fide effort to resolve the matter without a hearing.  As of the date of this Motion, due to conflicts in undersigned's schedule the undersigned counsel has been unable to reach out to counsel for the Debtor, but will do so shortly after the filing of the Motion.  To the extent that the relief sought in this Motion is resolved on a consensual basis prior to a hearing on the Motion, undersigned counsel shall present a proposed agreed order for the Court's consideration.

**WHEREFORE**, Former Landlords request that the Court enter an Order (i) dismissing the Bankruptcy Case as a bad faith filing, or alternatively (ii) granting relief from the automatic stay to allow the State Court to enter any *in rem* relief in favor of Former Landlords it deems just and proper, including, but not limited to authorizing the Clerk of the State Court to issue a writ of

{38188967;1}

- 16 -

possession and authorizing the Broward County Sheriff to execute same; and (iii) granting such

other and further relief as the Court deems just and proper.

Dated:  May 3, 2016                              Respectfully submitted,


                                                  /s/ *Eyal Berger*
                                                 Eyal Berger, Esq.
                                                 Florida Bar Number:  011069
                                                 Email:  eyal.berger@akerman.com
                                                 **AKERMAN LLP**
                                                 Las Olas Centre II, Suite 1600
                                                 350 East Las Olas Boulevard
                                                 Fort Lauderdale, FL  33301-2999
                                                 Phone:  (954) 463-2700
                                                 Fax:  (954) 463-2224

                                                 *Counsel for The Talerico Family Limited*
                                                 *Partnership and TFA Manor, LLC*

{38188967;1}

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on May 3, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case as listed in the below Service List.

By: */s/ Eyal Berger*
Eyal Berger, Esq.

## <u>SERVICE LIST</u>

**16-16204-RBR Notice will be electronically mailed to:**

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Gian C Ratnapala on behalf of Debtor On the Ocean, Inc.
gian@gcrbl.com

{38188967;1}

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

## **EXHIBIT APPENDIX**

EXHIBIT "A"          Complaint For Eviction And Damages

EXHIBIT "B"          Order Granting Debtor's Motion To Transfer To Circuit Court

EXHIBIT "C"          Order Requiring Escrow of Rent

EXHIBIT "D"          Ex-Parte Motion For Default Final Judgment For Possession

EXHIBIT "E"          Petition For Writ Of Mandamus

EXHIBIT "F"          Order Granting Mandamus Petition

EXHIBIT "G"          Order Denying Motion For Rehearing

EXHIBIT "H"          Order Withholding The Writ Of Mandamus

EXHIBIT "I"          Default Final Judgment For Possession

EXHIBIT "J"          Suggestion Of Bankruptcy

{38188967;1}

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL  33301-2999